**A. Mie XIE, Petitioner,**

v.

**Attorney General Alberto R. GONZALES,[1] Respondents.**

**No. 04–3903–AG.**

United States Court of Appeals, Second Circuit.

Feb. 23, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

⟨⇌8

Joan Xie, New York, New York, for Petitioner.

James K. Vines, United States Attorney for the Middle District of Tennessee, Jimmie Lynn Ramsaur, Assistant United States Attorney, Nashville, Tennessee, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 23rd day of February, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

A. Mie Xie petitions for review of a final order of the BIA affirming an immigration judge's ("IJ") decision that denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision directly where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

■ The IJ's adverse credibility determination was based on substantial evidence. *See Zhou Yun Zhang*, 386 F.3d at 73. The IJ's finding that Xie's account lacked specificity was in accord with this Court's decisions, inasmuch as Xie's testimony did not include facts as to the details of her alleged forced abortion, the event upon which her claim for relief because of past persecution was based. *See Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003) ("testimony is too vague if it doesn't identify facts corresponding to each of the elements of one of the refugee categories of the immigration statutes.") (internal quotations omitted). The IJ's finding as to Xie's lack of credibility was also supported by the absence of corroboration from Xie's parents. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). The IJ's refusal to ac-

cept Xie's proffered explanation for her parents' failure to offer a supporting statement, their alleged illiteracy, was appropriately based on "the inherent implausibilit[y]" of that allegation, *see, e.g., Jin Hui Gao,* 400 F.3d at 964, because Xie had already established that her parents had received and responded to correspondence requesting that they send documents relevant to her claims for relief.

The IJ's reliance on discrepancies involving the abortion certificate and IUD notice that Xie offered in support of her application for relief were also proper grounds for the adverse credibility finding.

■ For the similar reasons related to Xie's non-credible testimony, there was substantial evidence to support the IJ's finding that Xie did not sustain her claim of future persecution on the basis of the alleged forced abortion. Xie did not offer evidence sufficient to compel a conclusion by the IJ that Xie would be punished upon return to China because she had a child in the United States and she had failed to have an IUD insertion. Punishment solely for reentry after illegal departure, moreover, does not constitute "persecution" under the law. *See* 8 U.S.C. § 1101(a)(42).

■ The IJ's decision to deny withholding of removal on the adverse credibility finding made as to the asylum claim was not improper. *See Tian–Yong Chen v. U.S. I.N.S.,* 359 F.3d 121, 127 (2d Cir. 2004). The IJ's decision to deny CAT relief on a finding that Xie "failed to present credible and sufficient evidence to the Court to establish that she was tortured, or that it [was] more likely than not that she would be tortured if she were to [return to] China," was also proper. *See Ramsameachire v. Ashcroft,* 357 F.3d 169,

184 (2d Cir.2004) (the agency is required to consider "all evidence of possible torture proffered by the alien, regardless of the weight it accords the alien's testimony." (emphasis omitted))

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, Xie's pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).